Bush, Tilman et al. *v.* W. T. Bush et al.

**Executor's Debts to Testator — Right of Action on.**

> When an executor qualifies all rights of action on debts due from him to his testator is suspended, but as this is really not the payment, he must be held chargeable with the amount in his fiducial account, and it is held a cancelment of his individual liability, but if he should not charge this liability and cease to be executor a right of action revives.

APPEAL FROM CLARKE CIRCUIT COURT.

September 22, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

To a petition for rehearing presented by B. F. Buckner, for appellant, Judge Williams delivered the following response:

" The testator, J. Bush, appointed his son, W. T. Bush, his executor, and authorized the court to qualify him without demanding a bond with surety; said executor did qualify, and thereby all right of action on debts due from him to his testator were suspended; his duty as executor was to charge himself with such debts so as to answer for the same in his settlement, and the only settlement ever made by him was the one in the suit of Burbridge and wife against him and the legatees and heirs of the testator, and although these appellants are not bound by said settlement yet this settlement shows a positive unequivocal act of the executor to charge himself, as was his duty, with the two notes therein specified given by him to his testator.

" The distinction between an executor or administrator charging himself with a debt due from him to his decedent in his life, and converting the assets of his decedent to the payment of his individual liabilities has long been recognized by the law and its courts.

" The appointment of a debtor as executor or administrator suspends the right of action, but as this is really not the payment of the debt, the executor or administrator must be held chargeable with the amount of his individual indebtedness in his fiducial account and so far as he charges himself with such indebtedness in his fiducial accounts it must be held a cancelment of his indi-

vidual liabilities, but if he should not charge this individual liability, or so far as he fails to do so, and then as in this case ceases to be executor, the right of action to such extent revives against him and the legal title to the land and mill being in the heirs they cannot be compelled to surrender it until it is paid for, and the payment only going to the extent of the executor's charge against himself, leaves a prior lien for such portion of his indebtedness not so canceled."

It has not meant in the opinion to say that if the purchasers of the slaves had become liable therefor by their own conduct before the freedom of the slaves by the amendment to the Constitution of the United States that they should not be held responsible therefor.

It was only intended to say they should not be held responsible for the value of the slaves because of their freedom by said amendment, but as the opinion is not clear and distinct in its language as to this, it is so far modified as to leave all question of liability growing out of their own conduct previous to said amendment open for adjudication.

The opinion is thus modified and the petition for a rehearing overruled.